## Assistance at Primary Elections.

*Primary elections—Loan elections—Assistance at primary elections—Acts of July 12, 1913, P. L. 719, and June 25, 1919, P. L. 581.*

1. Where a loan election relating to local bond issues is held on the same day as a primary election for the nomination of candidates to public office, the election officers must, with respect to the marking of loan ballots, comply with and enforce the laws regulating municipal elections, and in regard to the primary elections, they must comply with and enforce the laws regulating primary elections.

2. No elector may have assistance in marking his primary ballot, unless he has made and filed with the judges of the election an affidavit that he cannot read the name on the ballot, or that, by reason of physical disability, he is unable to mark his ballot.

3. In case of the loan elections, the voter may have assistance in marking his loan ballot without having filed such an affidavit, if he otherwise complies with the law.

Department of Justice. Opinion to Hon. Gifford Pinchot, Governor of Pennsylvania.

Assistance at Primary Elections.

WOODRUFF, Att'y-Gen., May 12, 1926.—We have your request to be advised whether the provisions of the Primary Act of 1913 with respect to the right of electors to receive assistance are inoperative in political sub-divisions of this state in which by local action special elections relating to bond issues or other matters have been fixed for the same day on which the primary election is held. You desire to know particularly whether in Philadelphia the fact that by action of City Council, Tuesday, May 18, 1925, has been fixed as the date for holding an election on increasing the city's indebtedness will enable electors at the primary to receive assistance under the provisions of the municipal election laws rather than under the provisions of the Primary Act of 1913.

Section 11 of the Act of July 12, 1913, P. L. 719, provides that: "Primaries shall be conducted in conformity with the laws governing the conduct of general elections, in so far as the same are not modified by the provisions of this act or are not inconsistent with its terms: *Provided, that no elector shall be permitted to receive any assistance in marking his ballot, unless he shall first make an affidavit that he cannot read the names on the ballot, or that by reason of physical disability he is unable to mark his ballot.*"

Section 23 of the same act provides appropriate penalties for the violation of this provision by persons receiving assistance, by persons giving assistance and by judges of election.

Article III, section 7, of the Constitution of Pennsylvania provides that the general assembly cannot pass any local or special legislation "for the opening and conducting of elections;" . . . and article VIII, section 7, that "all laws regulating the holding of elections by the citizens or for the registration of electors shall be uniform *throughout the state.* . . ."

Under the constitutional provisions quoted, particularly article VIII, section 7, we are unqualifiedly of the opinion that the legislature could not by law permit assistance to be given in cities of any class or in any city or cities within a class under circumstances different from those obtaining in all cities of the Commonwealth. We are unqualifiedly of the opinion that the constitutional provisions apply as well to primary elections as to municipal or general elections, and that, therefore, even if the legislature had undertaken so to do, it could not validly have provided that, under any circumstances or for any reasons, electors in the City of Philadelphia or in any other city or cities should have more liberal treatment with regard to assistance at primary elections than that accorded to electors in other parts of the state. The assistance provisions of the primary law must, therefore, apply uniformly throughout the state, and under no circumstances can any elector be allowed to have assistance in marking his primary ballot unless he shall have made the affidavit required by the Act of 1913.

However, the legislature has never, either expressly or by implication, undertaken to say that under any circumstances the provision "that no elector shall be permitted to receive any assistance in marking his ballot unless he shall first make an affidavit that he cannot read the names on the ballot, or that by reason of physical disability he is unable to mark his ballot," should be inapplicable in any particular city or cities.

It is true that, under the City Charter of 1919, the City Council of Philadelphia may fix the date of a primary election· as the date for holding an election to obtain the consent of the electors to incur new debt or increase indebtedness (article XVIII, section 6, of the Act of June 25, 1919, P. L. 581) ; that whenever the date of an election is thus fixed by the City Council, the election is to be held "at the place, during the hours and under the regulations

provided by law for holding municipal elections; . . ." and that under the laws regulating the holding of municipal elections, assistance may be rendered to electors upon the mere declaration by the elector that by reason of disability the elector desires assistance.

The right thus conferred upon City Council does not, however, either expressly or impliedly, permit City Council by its action to substitute the municipal election laws for the primary election laws as the laws governing the marking of primary ballots. All that the legislature has rendered it possible for City Council to do is to compel the election officers presiding over the primary election and the loan election to enforce two sets of laws regulating elections at the same time and at the same place. With respect to the marking of primary ballots, the election officers must comply with and enforce the laws regulating primaries; and with respect to the marking of loan ballots, the election officers must comply with and enforce the laws regulating municipal elections.

As we have already pointed out, under no circumstances could the legislature, even had it so desired, permit the Council of the City of Philadelphia, by any action which it might take, to render the provisions for assistance of electors at primaries held in Philadelphia less stringent than those applicable in other parts of Pennsylvania. It is, therefore, absolutely clear that an elector in Philadelphia (or in any other city or political sub-division holding a loan election on the date of the primary election) cannot be permitted to have assistance in marking his primary ballot unless he has filed the affidavit required by the primary law. If he is unable truthfully to take the required affidavit, but, nevertheless, desires to take advantage of the more liberal assistance provisions of the laws regulating municipal elections for the purpose of having assistance in marking his loan ballot, he must, in our opinion, enter the voting compartment twice. He may enter the compartment with his loan ballot and receive assistance in marking it, but he cannot take the primary ballot with him when he thus marks his loan ballot. He must leave the booth, deposit his loan ballot and re-enter the booth with his primary ballot to mark it without assistance. Or, if he prefer, he may enter the booth with both his primary ballot and his loan ballot, but in this event he must mark the primary ballot unassisted, leave the booth, deposit his primary ballot and re-enter the booth to mark the loan ballot with assistance. He cannot under any circumstances be permitted to enter the voting compartment accompanied by any other person, if he has in his possession both the primary and the loan ballot, unless he has first made and filed the affidavit of disability required by the primary law.

To summarize, we advise you:

1. That under no circumstances can any elector anywhere in Pennsylvania be permitted to have assistance in marking his primary ballot unless he has made and filed with the judge of elections an affidavit that he cannot read the names on the ballot, or that by reason of physical disability he is unable to mark his ballot; and

2. That if in any political sub-division of Pennsylvania a loan election or any other special election is held on the date of the primary election, a voter may have assistance in marking his loan ballot without having filed such an affidavit if, and only if, he enters the voting compartment twice—once without the primary ballot in his possession and once with the primary ballot in his possession. When he enters the compartment with the primary ballot in his possession, no other person may lawfully enter the compartment with him.

From C. P. Addams, Harrisburg, Pa.